UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

| | |
|---|---|
| RADENIS LLANES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AIRLINE TRAINING ACADEMY OF MIAMI USA, LLC, a Florida limited liability company d/b/a ATA FLIGHT SCHOOL and MICHAEL PUNZIANO, individually, | ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR FAIR LABOR STANDARDS ACT OVERTIME VIOLATIONS**

Plaintiff, RADENIS LLANES, through undersigned counsel, files this Complaint for violations of the Fair Labor Standards Act against Defendants AIRLINE TRAINING ACADEMY OF MIAMI USA, LLC, a Florida limited liability company d/b/a ATA FLIGHT SCHOOL ("ATA") and MICHAEL PUNZIANO ("Punziano") (collectively, "Defendants") seeking unpaid overtime wages, and alleges:

**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**

1.  This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "Act" or the "FLSA") to recover money damages for unpaid overtime wages.

2.  The Plaintiff was a resident of Broward County, Florida at the time this dispute arose. He is still a resident of Broward County, Florida.

3.  Defendant ATA is a Florida limited liability company with its principal address located in Broward County, Florida at 1620 S.W. 75th Ave., Pembroke Pines, FL 33023, and which regularly transacts business within the Southern District of Florida, including in Broward County,

1

Florida within the jurisdiction of this Court.  The Defendant was an employer of Plaintiff during the relevant time period described below.

4. Plaintiff is informed and believes that at all material times hereto, Defendant Punziano was and is presently a resident of Broward County, Florida.

5. This Court has jurisdiction pursuant to Section 216 of the Act.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 as this civil action arises under the laws of the United States.

6. Venue is proper under 28 U.S.C. § 1391 because Defendant ATA resides in Broward County, Florida and all Defendants reside in the State of Florida.  Venue is also proper because a substantial part of the events or omissions giving rise to this claim occurred in Broward County, Florida, within the jurisdiction of this Court.

7. 29 U.S.C. §207(a)(1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

8. Defendants' business activities involve those to which the Act applies.  Both the Defendants' business and Plaintiff's work for the Defendants affected interstate commerce for the relevant time period.  Plaintiff's work for the Defendants affected interstate commerce during the relevant time period because he handled materials and goods, specifically including airplane fuel, that moved through interstate commerce prior to Plaintiff's use of the same.  Those goods and

materials were used on a constant and/or continual basis and were supplied to him by Defendants to use on the job.

9. During the relevant time period, Plaintiff worked for ATA primarily as an airplane fueler. The fuel and equipment Plaintiff utilized in connection with his job had moved through interstate commerce. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Act applies to Plaintiff's work for the Defendant.

10. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standard Act. Plaintiffs are informed and believe that a majority of the goods used by the Defendants in connection with its business were produced outside of the State of Florida.

11. Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce.

12. Plaintiff is informed that the Defendant limited liability company had gross sales or business done in excess of $500,000 in both 2018 and 2019.

13. Upon information and belief, the Defendant limited liability company's gross sales or business was expected to exceed $500,000 for the year 2020 as of early April 2020.

14. At all times material hereto, Defendant Punziano was an owner and authorized member of ATA and was a direct or indirect supervisor and employer of Plaintiff within the meaning of 29 U.S.C. 203(d). Among other things, Punziano had the power to hire and fire

employees, supervised and controlled Plaintiff's work schedule and conditions of employment, and determined the rate and method of payment for Plaintiff.

15. Plaintiff was employed by Defendants from approximately April 9, 2018 through his termination in early April 2020.

16. ATA operates an airline training academy located at the North Perry Airport in Pembroke Pines, Florida.

17. Plaintiff was employed by ATA primarily as an airplane fueler of flights conducted by ATA.

18. While employed by Defendants, other than a period of time in which Plaintiff was paid $8.00 per hour during April and May 2018, Plaintiff was paid at a rate of $12.00 per hour worked.

19. Plaintiff worked for ATA an average of approximately 57 hours per week over the relevant period.

20. Although Plaintiff was paid an hourly rate for all hours he worked, Defendants did not pay any overtime pay to Plaintiff for the hours he worked in excess of 40 in any given workweek.

21. Defendants willfully and intentionally refused to pay Plaintiff overtime pay during the three years preceding the filing of the Complaint as required by the Act since Defendants were aware of the overtime requirements of the Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Act.

22. Defendants owe Plaintiff overtime wages for the period beginning in April 2018 through Plaintiff's termination in early April 2020.

23. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate and calculation of unpaid overtime wages and liquidated damages (exclusive of costs and attorneys' fees) are contained on the Statement of Claim attached hereto as **Exhibit 1**.

24. Plaintiff has retained the undersigned law firm to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### COUNT I: VIOLATION OF OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT (AGAINST ALL DEFENDANTS)

25. Plaintiff incorporates and re-adopts the allegations contained in paragraphs 1-24 above as if set out in full herein.

26. During the relevant period of Plaintiff's employment (during the 3 years prior to the filing of this Complaint through his termination), Defendants did not pay Plaintiff overtime wages for each hour over 40 that Plaintiff worked in any given workweek.

27. As such, Defendants owe Plaintiff overtime wages pursuant to the FLSA.

28. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

29. Because of Defendants' willful, intentional, and reckless violations of the FLSA's overtime provisions, Plaintiff has been damaged in the amount of unpaid overtime wages and is also entitled to an additional equal amount as liquidated damages. Defendants have acted neither in good faith nor with reasonable grounds to believe that their acts and/or omissions were not a violation of the FLSA.

30. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 USC 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment for Plaintiff against Defendants, jointly and severally, on the basis of the Defendants' willful violations of the FLSA, award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, award Plaintiff an equal amount in liquidated damages, award Plaintiff reasonable attorneys' fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: May 13, 2020                    Respectfully submitted,

*/s/ Harris Nizel*
HARRIS NIZEL (Florida Bar No.: 0807931)
Email: harris@nizel.com
Nizel Law, P.A.
4700 Sheridan St., Suite J
Hollywood, FL 33021
Telephone: (954) 653-8300
*Counsel for Plaintiff*